UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS W. STRUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CV947(FRB) |
| ) | |
| KAREN ADAMS, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Dennis Strutton, a person civilly detained as a Sexually Violent Predator at the Missouri Sexual Offender Treatment Center (MSOTC), for leave to commence this action without payment of the required filing fee [Doc. #2].  See 28 U.S.C. § 1915(a).  Also before the Court is plaintiff's motion to dismiss his claims against defendant Alan Blake [Doc. #4].  Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978), <u>cert.</u> <u>denied</u>, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The complaint[1]

Plaintiff seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Karen Adams, Alan Blake, Martha Bellew-Smith, Linda Meade, Rebecca Semar, Paula Adam, Margaret Chessey, Cynthia Cody, Nancy Crump, Jay Englehart, Marissa

---

[1] For purposes of this review, the complaint consists of plaintiff's original complaint [Doc. #1] and plaintiff's first amended complaint [Doc. #6].

Richardson, Johnathan Rosenboom, Linda Whitener, and "Dee" Wolf. Briefly, plaintiff alleges that the law library at MSOTC is completely inadequate and that the restrictions placed on access to legal materials are unreasonable. Additionally, plaintiff charges that numerous other conditions at MSOTC - ranging from lack of adequate medical care to the time allowed for telephone calls - violate his constitutional rights.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). With respect to each of plaintiff's claims (conditions of confinement, law library, legal material, medical treatment, etc.), plaintiff has failed to allege how the named defendants are directly involved in or personally responsible for the alleged deprivation of rights. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). With respect to plaintiff's law library and legal materials claims, plaintiff has failed to allege that he suffered actual prejudice to a non-

frivolous claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). Consequently, plaintiff's complaint (including his amended complaint) should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss his claims against defendant Alan Blake [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this action as follows: Dennis Strutton v. Karen Adams, Martha Bellew-Smith, Linda Meade, Rebecca Semar, Paula Adam, Margaret Chessey, Cynthia Cody, Nancy Crump, Jay Englehart, Marissa Richardson, Johnathan Rosenboom, Linda Whitener, and "Dee" Wolf, No. 4:05CV947(FRB).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 13th day of October, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**